**United States District Court**
For the Northern District of California

**\*E-FILED 09-07-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS,<br><br>        Plaintiff,<br>  v.<br><br>THE CALIFORNIA STATE UNIVERSITY,<br>SAN JOSE STATE UNIVERSITY,<br><br>        Defendant. | No. C09-05291 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS; AND (2) RE-SETTING DISPOSITIVE MOTION DEADLINE**<br><br>**[Re: Docket No. 36]** |

Pursuant to Fed. R. Civ. P. 37(d), defendant The California State University (University) moves for an order dismissing this action as a discovery sanction for plaintiff's refusal to sit and be sworn for his deposition. The University also seeks its attorney's fees and costs incurred. As an alternative to dismissal, defendant requests that the court re-set case management deadlines to allow defendant time to complete plaintiff's deposition and to prepare a summary judgment motion. Plaintiff opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the August 31, 2010 hearing, this court grants the motion in part and denies it in part.

The instant action is the ninth in a series of eleven or so lawsuits Gardias has filed in the past six years against the University. He has been deposed at least twice before by defense counsel in connection with his prior lawsuits. On May 27, 2010, defendant served a notice for

1  plaintiff's deposition as to the allegations in the instant action. The deposition was noticed for
2  July 7, 2010 at defense counsel's office in Oakland. At plaintiff's request, however, the
3  University agreed to continue the deposition to July 15, 2010 and further agreed that the
4  deposition would proceed in San Jose. Defendant confirmed this agreement by letter dated July
5  1, 2010. And, following efforts to secure a room at the San Jose State University campus for
6  the deposition, defendant says that it emailed Gardias a copy of the amended notice of
7  deposition on July 14, 2010. Gardias claims that he never got that email. He nevertheless
8  showed up at the designated time and place after he was told by University staff that someone
9  was there to see him. Thereafter, the record reflects that he refused to be sworn and, ultimately,
10 refused to sit for the deposition. The transcript of the proceedings indicates that Gardias left
11 and re-entered the deposition room several times over the course of one hour, first stating that
12 he would cooperate, then later changing his mind.
13    Rule 37 of the Federal Rules of Civil Procedure provides that, upon motion, a court may
14 order sanctions for a party's failure to attend a properly noticed deposition. FED. R. CIV. P.
15 37(d)(1)(A)(i). Available sanctions include evidentiary limitations and dismissal of the action.
16 *See* FED. R. CIV. P. 37(d)(3) & 37(b)(2)(A)(i)-(vi). Instead of, or in addition to, these sanctions,
17 the court "must require the party failing to act . . . to pay the reasonable expenses, including
18 attorney's fees, caused by the failure, unless the failure was substantially justified or other
19 circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).
20    Although there was understandable confusion as to the exact time and room for the
21 deposition, defendant agreed to the July 15, 2010 date and San Jose location solely to
22 accommodate plaintiff. And, as noted above, Gardias showed up at the appointed time and
23 place. He maintains that he was justified in refusing to be deposed because defendant allegedly
24 did not agree to either (a) submit the deposition questions to him in writing, or alternatively,
25 (b) let him make notes of defense counsel's questions. The record, however, indicates that
26 defendant did, in fact, agree to let Gardias take the time to write out defense counsel's questions
27 to be sure he understood them. (Docket No. 39 (Gardias Depo. at 6-7)). Gardias nonetheless
28 insists that defense counsel should have signed a written agreement confirming the same before

proceeding with the examination. As noted above, this is not the first time Gardias has been deposed. His refusal to sit for his deposition was not substantially justified.

Nevertheless, the court will, in the exercise of its discretion, decline to dismiss this action because it finds that less drastic sanctions will suffice. *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

Gardias shall reimburse defendant $698.00 in costs incurred on July 15, 2010 for the videographer and the court reporter. Although the court does not find that defendant is entitled to be reimbursed for the full $3,720.00 in attorney's fees sought, the court will order Gardias to pay $510.00 for three hours of defense counsel's time to cover reasonable travel to and from the deposition, as well as the time defense counsel spent trying to proceed with plaintiff's examination while he variously entered and left the room. Accordingly, Gardias shall make a total payment of **$1208.00** to defendant within 30 days from the date of this order.

Further, Gardias shall appear for his deposition on a date and time to be agreed upon by the parties. The deposition shall take place at the San Jose State University campus and shall be completed on or before **October 29, 2010**.

The deadline for hearing summary judgment motions is re-set for **January 25, 2011**. Pursuant to Civil Local Rule 7, any motions for summary judgment must be filed at least 35 days prior to January 25, 2011.

SO ORDERED.

Dated: September 7, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:09-cv-05291-HRL Notice has been electronically mailed to:

2  Mary Susan Cain-Simon    Mary.CainSimon@doj.ca.gov, ECFCoordinator@doj.ca.gov,

3  Leticia.MartinezCarter@doj.ca.gov

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5

6  5:09-cv-05291-HRL Notice mailed to:

7  Piotr J. Gardias
   72 Floyd St.
8  San Jose, CA 95110

4