*E-FILED 09-07-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS,<br><br>        Plaintiff,<br>  v.<br><br>THE CALIFORNIA STATE UNIVERSITY,<br>SAN JOSE STATE UNIVERSITY,<br><br>        Defendant.<br>_____/ | No. C09-05291 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR DISCLOSURE AND MOTION FOR SANCTIONS**<br><br>**[Re: Docket No. 32, 41, 42]** |

      Plaintiff Piotr Gardias previously moved for an order imposing sanctions on defendant because defendant reportedly failed to serve supplemental initial disclosures which were promised by June 4, 2010. On June 25, 2010, this court denied the motion for sanctions, but nonetheless ordered defendant to provide the promised supplemental disclosures within ten days of the court's order. (*See* Docket No. 31). Defendant says that it timely served its supplemental disclosures by July 5, 2010. Gardias contends that the July 5, 2010 supplemental disclosures are inadequate. He now moves for an order compelling defendant to provide further disclosures. He also seeks sanctions. Defendant opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearings, this court denies the motions.

      Gardias first contends that defendant's July 5, 2010 supplemental disclosure is

"useless" because defendant identifies potential witnesses by name, but has not provided their addresses and telephone numbers as required by Fed. R. Civ. P. 26(a)(1)(A)(i). Indeed, this seems to be the case. However, the court finds that the oversight is harmless because all of the witnesses appear to be individuals who work with Gardias—some of whom work in his own department at the University.

Gardias next contends that defendant's description of documents that the University may use to support its claims or defenses is inadequate. Plaintiff apparently seeks an order compelling defendant to provide him with an itemized list specifying each document it may rely upon to support its defenses. He says that such disclosures are needed so that he can decide what documents he wants to request from defendant. To the extent plaintiff wanted certain documents, there certainly are ways to get them through appropriate means of discovery. But, fact discovery is closed, and this case is beyond that point now. In any event, plaintiff is asking defendant to undertake a burden that Fed. R. Civ. P. 26(a)(1) does not impose. Fed. R. Civ. P. 26(a)(1)(A) does not require a party to provide an itemized list of documents. Nor is a party obliged produce copies of documents as part of its initial disclosures. Instead, a party may simply provide "a description by category and location" of the documents that it has in its possession, custody, or control. FED. R. CIV. P. 26(a)(1)(A)(ii). Here, defendant's supplemental initial disclosures identify two categories of documents:

(1)  documents located in plaintiff's own personnel file and EEOC files; and

(2)  "[d]ocuments in possession of [the University's] Human Resources office" which reflect that (a) "plaintiff lacked necessary experience and/or qualifications for the subject positions"; (b) "candidates who met the criteria for the subject positions were interviewed"; and (c) "the candidates hired possessed superior qualifications [to] those of plaintiff and that legitimate business justification supported their hire." Here, two specific files are identified, namely "Recruitment file for Job No. 13542" and "Recruitment file for Job No. 13602."

(Cain-Simon Decl., Ex. B at 3). The court finds that defendant's supplemental initial disclosures sufficiently describe the categories of documents that the University may rely upon

2

1  to support its case. Additionally, based on the court's knowledge of the litigation history
2  between plaintiff and defendant, it seems likely that many of the identified documents have
3  already been obtained by Gardias through formal or informal discovery efforts.
4      Accordingly, IT IS ORDERED THAT Gardias' motions to compel further disclosures
5  and for sanctions are DENIED.
6  Dated:    September 7, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

5:09-cv-05291-HRL Notice has been electronically mailed to:

Mary Susan Cain-Simon    Mary.CainSimon@doj.ca.gov, ECFCoordinator@doj.ca.gov, Leticia.MartinezCarter@doj.ca.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5:09-cv-05291-HRL Notice mailed to:

Piotr J. Gardias
72 Floyd St.
San Jose, CA 95110