*E-FILED 01-25-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS,<br><br>        Plaintiff,<br>  v.<br><br>THE CALIFORNIA STATE UNIVERSITY,<br>SAN JOSE STATE UNIVERSITY,<br><br>        Defendant.<br>_____/ | No. C09-05291 HRL<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SANCTIONS; AND (2) DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br><br>[Re: Docket Nos. 69 and 70] |

Both sides have moved for sanctions against the other for failure to comply with this court's orders. Gardias contends that defendant The California State University (University) did not comply with this court's October 29, 2010 order directing the University to provide certain information in connection with its Fed. R. Civ. P. 26 initial disclosures. The University argues that the sanction of dismissal is warranted because Gardias failed to comply with this court's September 7, 2010 Order by refusing to cooperate in the scheduling of a deposition and by refusing to pay the full amount of court-ordered sanctions. The University also seeks $1,742.50 for its attorney's fees and costs incurred in bringing the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, this court denies both motions.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court may order sanctions

1  for a party's failure to comply with a court order. FED. R. CIV. P. 37(b)(2)(A). Available
2  sanctions include evidentiary limitations and dismissal of the action. *See* FED. R. CIV.
3  37(b)(2)(A)(i)-(vii). Instead of, or in addition to, these sanctions, the court "must order the
4  disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the
5  failure, unless the failure was substantially justified or other circumstances make an award of
6  expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

With respect to Gardias' motion for sanctions, defendant acknowledges that it did not provide plaintiff with the information as ordered. Nevertheless, this court does not find that plaintiff has been prejudiced by that failure. His motion for sanctions is denied.

As for defendant's motion, on the record presented, the court does not find that plaintiff acted with the requisite "willfulness, bad faith, or fault" justifying dismissal. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Accordingly, defendant's motion is denied.[1]

As discussed at the motion hearing, no later than **January 31, 2011**, Gardias shall email defense counsel and confirm that he will appear for deposition on either February 8, 9, 10, 15 or 16, 2011. The deposition shall take place in Oakland.

The deadline for hearing dispositive motions is re-set for **May 17, 2011**.

SO ORDERED.

Dated:   January 25, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] As discussed at the motion hearing, the court will not change its ruling with respect to the $1208.00 in monetary sanctions it previously ordered plaintiff to pay to defendant. Gardias stated to the court that he will pay the remaining balance owed.

2

1  5:09-cv-05291-HRL Notice has been electronically mailed to:

2  Mary Susan Cain-Simon     Mary.CainSimon@doj.ca.gov, ECFCoordinator@doj.ca.gov,

3  Leticia.MartinezCarter@doj.ca.gov

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5

6  5:09-cv-05291-HRL Notice mailed to:

7  Piotr J. Gardias
   72 Floyd St.
8  San Jose, CA 95110

